IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERT YOUNG,

     Plaintiff,                        No. CIV S-03-0951 FCD JFM P

     v.

PETER BRESLER, et al.,         <u>ORDER RE OBJECTIONS</u>

     Defendants.            <u>TO PRETRIAL ORDER</u>

_____/

          Plaintiff is a state prisoner proceeding in forma pauperis with a civil rights action pursuant to 42 U.S.C. Section 1983. On September 12, 2007, this court issued a pretrial order and provided for the filing of objections. On October 1, 2007, plaintiff filed timely objections. Defendants did not respond to plaintiff's objections. The court will address plaintiff's objections seriatim.

          1. Plaintiff objects to the statement "Plaintiff had a history of intravenous drug use many years prior to incarceration." Plaintiff states the statement is inflammatory and irrelevant to his claim of non-treatment for his hepatitis disease. Plaintiff argues that defendants do not know when plaintiff was infected with hepatitis. Plaintiff states that if the court will instruct the jury not to consider plaintiff's past drug use as prejudicial, plaintiff will withdraw his objection.

          Plaintiff does not dispute the accuracy of the statement. The statement follows the introductory statement that plaintiff is a California prisoner who was born in March 1946 and

1

1  initially incarcerated in 1977.  The disputed statement clarifies that plaintiff's drug use was many
2  years prior to incarceration.[1]

3        Although it is not possible to definitively diagnose how or when plaintiff
4  contracted Hepatitis, defendants contend plaintiff contracted Hepatitis one year after he began
5  injecting himself with Heroin, which would be 1970.  Because plaintiff does not dispute the
6  accuracy of the drug use fact and defendants are arguing that plaintiff contracted Hepatitis
7  through drug use, the court will overrule plaintiff's objections and will leave the fact in the
8  undisputed statement of facts.  However, plaintiff may seek leave from the trial judge to request a
9  jury admonition as to the limited purpose for which plaintiff's drug use may be considered.

10        2.  Plaintiff objects to the statement: "On February 15, 1983, an unknown
11  physician, who is not a defendant in this action, completed a CDCR Periodic Health Review
12  form for plaintiff, which stated that plaintiff had a "history of hepatitis or syphilis." (Ex. 6 to Pl.'s
13  Stmt. of Disputed Facts (PDF), filed February 28, 2006.)"  Plaintiff argues that "there is not one
14  statement/document or test results in his medical history, up until February 15, 1983, which
15  indicate or suspected plaintiff as having hepatitis or syphilis." (Objs. At 2.)

16        Plaintiff's objection is overruled.  Plaintiff intends to testify to his own
17  recollection of the events surrounding these tests.  The contemporaneous medical record is
18  relevant and admissible; it will not benefit from being rewritten.

19        3.  Plaintiff objects to the following undisputed fact: "A liver biopsy is a
20  necessary precursor to treatment to determine whether a patient has bridging necrosis or severe
21  cirrhosis, which would exclude the possibility of Interferon treatment. (Defts.' Ex. A, ¶ 59.)"
22  Plaintiff's objection will be sustained.  The statement concerning liver biopsy has been included
23  as a footnote relating defendants' contention.
24  /////

---

[1] Defendants aver that plaintiff began injecting heroin in 1969. (Defts.' Pretrial Statement at 2.)

1    4. Plaintiff objects to the following undisputed facts:

> Based on the CDCR treatment guidelines, defendant Brown determined that the poor control of plaintiff's hypertension, his lack of compliance with treatment orders, and his failure to appear for the necessary liver biopsies were criteria which excluded him as a good candidate for treatment at that time. (DUF at ¶ 62.) Defendant Brown did not refer plaintiff's case to either the Medical Authorization Review Committee (MAR) or the Health Care Review Committee (HCR). (Deft. Brown's RPFI, attached as Defts.' Ex. H, at 8-9.)[2]

(Pl.'s Objs. At 2-3.) Because plaintiff disputes these facts, this paragraph will be deleted from the final pretrial order. Plaintiff's objection is sustained.

    5. Finally, plaintiff objects to the last two sentences of the following paragraph:

> On June 7, 2002, Dr. Jamison, who is not a defendant in this action, ordered various tests to evaluate whether plaintiff should be started on therapy for hepatitis C. (DUF at ¶ 81.) On June 27, 2002, plaintiff had a telemedicine consultation with Dr. Jameson. (Id. at ¶ 83.) Dr. Jameson believed that plaintiff had chronic acute hepatitis C, genotype 1a, and recommended that combination therapy not be started at that time because the Food and Drug Administration (FDA) approval of combination therapy with pegylated interferon with ribavarin was pending. (Id.) The new combination therapy had a higher response rate (35-40 % of patients with genotype 1a) than the non-pegylated interferon (25-35%). Plaintiff agreed with this recommendation. (Id.) Dr. Jameson ordered a follow up in four months and an ALT test. (Id.)

(Pl.'s Objs. At 3.) Because plaintiff disputes the last two sentences, those sentences will be deleted from the final pretrial order. Plaintiff's objection is sustained.

/////
/////
/////
/////
/////

---

[2] Reference cite is to defendant Brown's interrogatory response. Q: Did you refer plaintiff to MAR or HCR? A: "Young did not get into the clinic, as ordered, before he was moved to another prison. He was not a 'good' candidate to meet CDC requirements." Id.

3

1  IT IS HEREBY ORDERED that plaintiff's October 1, 2007 objections to the
2 pretrial order are partially sustained and partially overruled, as noted above.  A final pretrial order
3 will issue herewith.
4 DATED: October 23, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

/001; youn0951.objs